UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA GREEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.L. DARLING CORPORATION, <br><br> Defendant. | CASE NO. 3:11-cv-05796-RJB <br><br> ORDER ON PLAINTIFF'S MOTION TO DISMISS |

This matter comes before the court on Plaintiff's Motion to Dismiss (Dkt. 19). This case has been fully briefed (Dkts. 13, 19, 20), and the court has considered the motion and the remainder of the file herein.

BACKGROUND

Plaintiff sets out the below facts in his Complaint (Dkt. 1), which the Court construes in Plaintiff's favor for the purposes of this Order. Plaintiff, Ira Green, Inc. ("IGI") and defendant, J. L. Darling Corp. ("JLD") are both commercial producers of weatherproof notepads and paper products. Dkt. 1, at 4. In 2001, JLD filed a patent application for "weatherproof sheets for

ORDER ON PLAINTIFF'S MOTION TO DISMISS- 1

copying, printing and writing and methods related thereto," which included claims relating to individual weatherproof sheets and two claims relating to weatherproof books and notepads made from a plurality of weatherproof sheets. *Id.*, at 5. After the Patent Trade Office required JLD to restrict its invention in 2003, JLD pursued the patent claims relating to individual weatherproof sheets but cancelled the two patent claims relating to weatherproof books and notepads comprised of a plurality of sheets. *Id*.

In March, 2005, the patent issued for the weatherproof sheets, patent number 6,863,940 ("940 Patent"). Since the issuance of the patent, JLD has produced weatherproof notepads with the '940 Patent clearly marked on the back of the notepad packaging. Dkt. 1, at 6, 9. Apart from the back of the weatherproof notepad packaging, JLD does not mark the '940 Patent on individual sheets. *Id*.

JLD sells its products to the military through the Military Sales & Services Company ("MSS"), a third party vendor responsible for soliciting orders from the military. Dkt. 1, at 6. According to IGI, in May and June of 2011 on at least three separate occasions, MSS employees and other agents of JLD made false and defamatory statements about IGI's products, including express instructions to avoid buying IGI's products and statements falsely characterizing IGI products as inferior. *Id.*, at 6, 7.

On September 29, 2011, IGI filed this claim against JLD for false marking under the Patent Act (I), violations of the Lanham Act (II) and the Washington Consumer Protection Act ("CPA) (III), and business defamation (IV). Dkt. 1, at 1.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R.

Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory,

the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

DISCUSSION

I. False Marking (35 U.S.C. §292)

In IGI's Complaint (Dkt. 1), IGI alleges that JLD marks its weatherproof notepad product with the '940 Patent with knowledge that the patent covers individual weatherproof sheets and not books or notepads comprised of a plurality of sheets. Dkt. 1, at 8-11. According to IGI, JLD knows that its two patent claims for weatherproof books and notepads were cancelled, yet JLD "continues to include the '940 Patent in the patent markings of [JLD's] Notepad Products for the purpose of deceiving the public into believing that something contained in . . . the Notepad Products is covered by . . . the '940 Patent." *Id.*, at 10.

In JLD's Motion to Dismiss (Dkt. 13), JLD argues that, as an initial matter, IGI's false marking claim should be subject to heightened scrutiny under Fed. R. Civ. P. 9(b). Dkt. 13, at 14, citing *Juniper Networks, Inc. v. Shipley*, 632 F.3d 1346 (Fed.Cir. 2011); *In re BP Lubricants, USA, Inc.*, 637 F.3d 1307, 1309-11(Fed.Cir. 2011). In addressing the substance of IGI's false marking claim, JLD counters that, to begin with, JLD has a patent for the weatherproof sheets, the '940 Patent, and JLD properly marks the sheets by placing the patent marking on back cover of the weatherproof sheets' packaging. *Id.*, at 18. JLD's packaging, JLD contends, is entirely within the scope of the Patent Act's marking statute, 35 U.S.C. 287(a). *Id.*, at 18. Furthermore, JLD argues, courts have given patentees "great latitude" in determining how to effectively mark patents on their products, and it would be unreasonable for JLD to mark each individual patented sheet. *Id.*, at 20, citing *Session v. Romadka*, 145 U.S. 29, 50 (1982). Therefore, JLD contends,

JLD does not misrepresent or deceive its patent to consumers when JLD marks the '940 Patent on the back cover of its weatherproof notepad products in accordance with 35 U.S.C. 287(a). *Id.*, at 19, 21, 22.

In IGI's Response (Dkt. 19), IGI argues that JLD's intent to deceive can be inferred by JLD's misrepresentation about the application of the '940 Patent to weatherproof books and notepads. Dkt. 19, at 11, 12, citing *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010). The misrepresentation, IGI contends, is clear from JLD's actions following JLD's cancellation of its two patent claims relating to a plurality of weatherproof sheets, where JLD later proceeded to mark unpatented products with the '940 Patent marking. *Id*. Because JLD marked an unpatented product, IGI argues, JLD knew of its falsity, which is enough to draw the inference of fraudulent intent. *Id.*, at 15, citing *Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg., Inc.*, C10-5697BHS, 2011 WL 2020761, at *7 (W.D. Wash. May 24, 2011).

In JLD's Reply (Dkt. 20), JLD distinguishes this case from cases cited by IGI, on the basis that the cases cited involved items that were unpatented, whereas in this case JLD owns the '940 Patent of weatherproof sheets. Dkt. 20, at 7. Further, JLD argues, IGI's interpretation of 35 U.S.C. § 292(a) is unprecedented and not consonant with the law. Under 35 U.S.C. § 287(a), JLD says, JLD has the statutory right to "fix . . . [the '940 Patent] to the package wherein one or more [of the patented article] is located." *Id.*, at 8. In addition, JLD contends, IGI's claim fails because IGI does not sufficiently plead the requisite level of intent. According to JLD, IGI relies solely on an inference to show JLD's intent to deceive, which is not enough to render it plausible that JLD did not act in good faith when packaging its product. *Id.*, at 10. Last, JLD argues, IGI has not sufficiently alleged a competitive injury, because IGI does not even, at a minimum, allege that IGI has lost business because of the patent marking. *Id.*, citing Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011) at § 16(b).

Patent marking is limited under 35 U.S.C. § 287(a), which provides that a patent marking may be "fix[ed] . . . to the package wherein one or more [of the patented articles] is located." 35 U.S.C. § 287(a). Improper patent marking is actionable under 35 U.S.C. § 292(a), which states that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." Thus, the two elements of a 35 U.S.C. § 292 false marking claim are "(1) marking an unpatented article [with an] (2) intent to deceive the public." *Juniper Networks Inc v. Shipley*, 643 F.3d 1346, 1350 (9th Cir. 2011) (quoting from *Forest Grp.. Inc. v. Bon Tool Co.,* 590 F.3d 1295, 1300 (Fed.Cir.2009)); *Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg., Inc.*, C10-5697BHS, 2011 WL 2020761, at *7 (W.D. Wash. May 24, 2011).

Intent to deceive is a state of mind arising when "a party acts with sufficient knowledge that what it is saying is not [true, such that the recipient party] . . . will be misled into thinking that the statement is true." *Forest Grp., Inc.*, 590 F.3d, at 300. Intent to deceive may be inferred from "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity[.]" *Id.*, quoting from *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1352 (Fed.Cir.2005). In addition, Plaintiff need not *prove* deceptive intent at the pleadings stage of the proceedings; Plaintiff need only allege "sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind." *BP Lubricants,* 637 F.3d 1307, 2011 WL 873147 at *4; *Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg., Inc.*, C10-5697BHS, 2011 WL 2020761, at *7 (W.D. Wash. May 24, 2011).

Only the United States may sue for penalties for improper patent marking under 35 U.S.C. § 292(a); however, any party who has suffered a "competitive injury" may seek compensation for damages. 35 U.S.C. § 292(b) (recently amended in the Leahy-Smith America

Invents Act, H.R. 1249—46, 112th Cong. (1st Sess. 2011) at § 16(b)). While the Ninth Circuit has not yet interpreted "competitive injury" in the patent marking context, as previously interpreted in the context of a Lanham Act claim, the court imposes a general presumption of a competitive injury whenever the defendant and plaintiff are direct competitors and defendant's misrepresentation has a tendency to mislead consumers. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. July 28, 2011).

In this case, IGI has sufficiently stated its claim of false marking. Considering the first element, whether JLD has marked an unpatented article, JLD's cancellation of its patent claim relating to the weatherproof notepad could be indicative. Given that JLD filed a patent application that included two claims, both later withdrawn by JLD, specifically related to the patenting of weatherproof books or notepads, it is at least plausible that JLD's weatherproof notepad products are unpatented. Considering the second element, JLD's intent deceive the public, JLD's actions are again illustrative. It is at least plausible that, as IGI alleges, JLD packaged its product in such a way as to give the appearance that the '940 Patent related to the weatherproof notepad in its entirety rather than to the individual sheets contained in the notepad. Therefore, JLD has sufficiently stated a claim as to both elements of JLD's false marking claim.

In considering whether IGI has suffered a "competitive injury," the Ninth Circuit's presumption applies here. The same policy considerations that the Ninth Circuit considered, that "competitors vie for the same dollars from the same consumer group, and a misleading ad can upset their relative competitive positions" apply to this context. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d at 827. Furthermore, JLD did not "point to any evidence. . . that might tend to rebut the presumption." *Id*. Therefore, IGI's claim should not be dismissed on the basis that IGI insufficiently alleges a competitive injury.

II. Unfair Competition Under the Lanham Act (15 U.S.C. § 1125(a))

In IGI's Complaint (Dkt. 1), IGI alleges that JLD has attempted to "suppress competition from [IGI] by making false and misleading statements regarding its Notepad Products, including intentionally misrepresenting that the products are protected by the '940 Patent." Dkt. 1, at 11, 12. The misleading statements are material, IGI argues, because they "influence or are likely to influence a consumer's purchasing decision," and they have caused or are likely to cause confusion to consumers. *Id.*, at 11.

In JLD's Motion to Dismiss (Dkt. 13), JLD argues that IGI's Lanham Act claim is conclusory and without factual support. Dkt. 13, at 16, 17, citing *Twombly* and *Iqbal*. Specifically, according to JLD, IGI has failed to allege that IGI has suffered harm as a result of confusion to consumers, and IGI provides no example of even a single consumer who mistakenly bought a JLD product due to JLD's patent markings. *Id.*, at 17. JLD also argues that the Lanham Act claim requires a heightened pleading under Fed. R. Civ. P. 9(b), because it is a derivative claim of the false marking claim, which is a species of fraud. *Id.*, at 15, citing *Kemin Foods v. Pigmentos Vegetables Del Centro*, 464 F.3d 1339, 1354 (Fed.Cir. 2006).

In IGI's Response (Dkt. 19), IGI disputes the application of Rule 9(b) to IGI's Lanham Act claim, arguing that *Kemin* cannot be cited as basis for heightened scrutiny because the case does not even mention Rule 9(b). Dkt. 19, at 18. Furthermore, IGI argues, unlike fraud, claims under the Lanham Act do not require a specific level of intent, so Rule 9(b) does not apply. *Id.*, at 19. IGI also cites the elements needed to make a showing for a claim under the Lanham Act in the Ninth Circuit, and argues that IGI's Complaint is sufficient as to each individual element. *Id.*

In JLD's Reply (Dkt. 20), JLD points to two deficiencies in IGI's Complaint that JLD claims warrant dismissal. Dkt. 20, at 14, 15. First, JLD contends, there is "simply no allegation . . . that any member of the public has been deceived or misled by . . . JLD." *Id.*, at 14. Second, according to JLD, IGI has not adequately alleged an injury. *Id.*

The Lanham Act protects consumers "from being misled by the use of infringing marks and . . . from unfair practices by an 'imitating competitor.'" *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 428, 123 S.Ct. 1115, 1122 (2003). In relevant part, the Lanham Act, provides that:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a).

In this case, IGI has stated a claim under the Lanham Act. Construing all facts favorably to IGI, JLD made material misrepresentations about the '940 Patent, which deceived consumers. IGI has sufficiently alleged that JLD made a "misleading representation of fact, which is likely to . . . deceive as to . . . approval of his or her goods . . ." 15 U.S.C. § 1125(a)(1)(A). Interpreting "approval" according to its ordinary usage, "approval" could reasonably be considered to include the approval of pending patent applications. By this definition, IGI's claim fits squarely under 15 U.S.C. § 1125(a)(1)(A), because IGI has alleged that JLD deceived consumers as to the approval of a patent for weatherproof books or notepads. Accordingly, IGI has stated a claim upon which relief can be granted and IGI's Lanham Act claim should not be dismissed.

    III.    <u>Washington State Unfair Competition and Consumer Protection Act (RCW 19.86)</u>

IGI alleges that JLD "has engaged in unfair and deceptive acts . . . by making false and misleading statements regarding its Notepad Products, including that they are protected by the '940 Patent." Dkt. 1, at 12. JLD opines that this claim should be dismissed because it is conclusory and without factual support. Dkt. 13, at 16, 17. Additionally, according to JLD, the claim fails because IGI has not pled the claim with particularity. Particularized pleading is required because, JLD argues, the claim is "grounded in alleged fraudulent conduct." Dkt. *Id.*, at 17, citing *Fid. Mort. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D.Wash. 2003).

In IGI's Response (Dkt. 19), IGI does not directly respond to JLD's particularized pleading argument. *See* Dkt. 19, at 19, 20. IGI contends that IGI's CPA claim is not conclusory unless paragraphs 56 through 64 are misread in isolation, as JLD seems to have done. *Id*. Instead, as explicitly stated in paragraph 56, IGI argues, paragraphs 56 through 64 should be read in light of paragraphs 1 through 55. *Id*. JLD's "deceptive act" in this case, IGI argues, was JLD's attempt to suppress competition by "intentionally misrepresenting that its Notepad Products are protected by the '940 Patent even though JLD knows that [they are not]." *Id*.

JLD's Reply (Dkt. 20) raises two additional arguments to bolster JLD's Motion to Dismiss. Dkt. 20, at 15. First, JLD argues that IGI has not sufficiently stated a claim because it has not alleged an injury. *Id*., at 16. Second, JLD argues that there is no causal link between JLD's allegedly deceptive act and any injury suffered by IGI. *Id*.

Washington's Consumer Protection Act ("CPA") provides that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." RCW 19.86.020. The terms of the CPA are to be "liberally construed [so] that its beneficial purposes may be served." RCW 19.86.920. The five elements of a CPA action are: (1) an unfair or deceptive act or practice; (2) in the conduct of trade or commerce; (3) which impacts

the public interest; (4) injury to the plaintiffs in their business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Mason v. Mortgage America, Inc.,* 114 Wash.2d 842, 852, 792 P.2d 142 (1990) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 (1986)); *see Loops, LLC v. Phoenix Trading, Inc*., 2010 WL 3041866, at *9 (W.D.Wash., 2010).

Here, IGI sufficiently pleads its CPA claim. To the degree that, as IGI alleges, JLD acted deceptively when it marked its weatherproof books and notepad products with a patent that was only issued for individual sheets (see Claim I), IGI has sufficiently alleged deception. Assuming IGI has alleged enough for IGI's allegation of deception, in this case the injury to IGI, impact on the public interest, and causal link to IGI are all obvious consequences of and flow from JLD's deception. IGI has sufficiently alleged CPA violations for purposes of JLD's Motion to Dismiss and the claim should not be dismissed.

IV.    Business Defamation

IGI alleges that JLD, through its sales representatives, made false and defamatory statements concerning IGI's weatherproof notebook products on at least three separate occasions. Dkt. 1, at 6, 7, 13, 14. In JLD's Motion to Dismiss, JLD argues that IGI's defamation claim should be dismissed, because IGI's claim is conclusory and fails to state (1) how JLD's products are inferior; (2) how IGI was harmed; (3) why JLD's communications were unprivileged; and (4) why JLD's statements should be considered defamatory in nature. Dkt. 13, at 22, 23. In addition, JLD argues, JLD's statements were not defamatory in nature and are protected as privileged communications. Dkt. 13, at 23.

In IGI's Response (Dkt. 19), IGI argues that no privilege applies to JLD's statements, and that IGI sufficiently stated its claim when providing names and times of the defamatory statements. Dkt. 21-23. Moreover, IGI argues, privilege is a defense asserted by defendants after the plaintiff has

established the prima facie defamation case, so JLD's privilege argument is not relevant at this stage in the proceedings. Dkt. 19, at 22, citing *Bender v. City of Seattle*, 99 Wash.2d 582, 600 (1983). Further, IGI contends, it is the court that decides whether privilege applies as a matter of law in the first place. *Id.*, citing *Moe v. Wise*, 97 Wash.App. 950, 957 (1999); *Parry v. George H. Brown & Assocs., Inc.*, 46 Wash.App. 193, 196 (1986).

In JLD's Reply (Dkt. 20), JLD argues that IGI's reliance on *Bender*, *Parry*, and *Moe* is flawed. Dkt. 20, at 11, 12. According to JLD, IGI's reading of the cases "amount[s] to nothing more than a creative, but unsupported, repackaging of the procedural status of those cases." *Id.*, at 12. JLD also takes issue with IGI's defamation allegation on the basis that IGI bases its pleading upon "information and belief," which JLD argues does not amount to an "actual" defamatory statement allegation. *Id.*, at 13. Last, JLD argues that none of the defamatory statements alleged by IGI state a claim, because they were made by individuals who worked for MSS, not JLD, and IGI has not met its burden to show an agency relationship between MSS and JLD. *Id.*

In Washington, a defamation plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages. *Commodore v. Univ. Mech. Contractors, Inc.*, 120 Wash.2d 120, 133, 839 P.2d 314 (1992). Liability for defamation requires that the defamation be communicated to someone other than the person defamed. *Pate v. Tyee Motor Inn, Inc.*, 77 Wash.2d 819, 821, 467 P.2d 301 (1970).

Here, IGI has provided enough to state the claim of defamation. In IGI's Complaint, IGI provides specific dates along with names of individuals who appeared to speak on behalf of JLD, allegedly making false statements damaging to IGI's reputation. *See* Dkt. 1, at 6, 7, 13, 14. Although IGI's Complaint does not directly allege that the alleged defamatory statements were unprivileged, this may be inferred from their context. Nothing indicates that the alleged defamatory statements were made under circumstances resembling a situation in which privilege

could apply. IGI has sufficiently stated its defamation claim, and the claim should not be dismissed.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 13) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of December, 2011.

_____
ROBERT J. BRYAN
United States District Judge