1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA GREEN, INC., <br><br>                Plaintiff, <br><br>     v. <br><br> J.L. DARLING CORPORATION, <br><br>                Defendant. | CASE NO. C11-5796 RJB <br><br> ORDER ON MOTION TO COMPEL RESPONSES TO FIRST SET OF INTERROGASTORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM |

This matter comes before the court on defendant's Motion to Compel Responses to First Set of Interrogatories and First Set of Requests for Production of Documents (Dkt. 31) and on Defendant's Motion for Leave to File First Amended Counterclaim (Dkt. 32). The court has considered the relevant documents and the remainder of the file herein.

On September 29, 2011, plaintiff Ira Green, Inc. (Green) filed a civil action against J.L. Darling Corporation (Darling), alleging false marking under the Patent Act, 35 U.S.C. § 292; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); violation of the Washington

ORDER ON MOTION TO COMPEL RESPONSES
TO FIRST SET OF INTERROGASTORIES AND
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND DEFENDANT'S MOTION
FOR LEAVE TO FILE FIRST AMENDED
COUNTERCLAIM- 1

1  Consumer Protection Act (CPA), RCW 19.86; and business defamation.  Dkt. 1.  On December

2  19, 2011, Darling filed an answer, and asserted counterclaims for violation of the Lanham Act,

3  15 U.S.C. § 1125; and violation of the CPA, RCW 19.86.  Dkt. 22.  The case involves

4  weatherproof tablets for copying, printing and writing, which are apparently sold and/or

5  distributed by both Green and Darling.

6       **1.  Darling's Motion to Compel (Dkt. 31)**

7       On March 29, 2012, Darling filed a motion, requesting that the court order that Green

8  provide answers to J.L. Darling Corporation ['s] First Set of Interrogatories to Plaintiff Ira

9  Green, Inc., and to produce documents requested in Darling Corporation['s] First Set of Requests

10  for Production of Documents to Plaintiff Ira Green, Inc.  Dkt. 31.  Darling stated that "counsel

11  for J.L. Darling Corp. requested, in writing, that counsel for Ira Green, Inc. meet and confer to

12  address each of the issues addressed in this Motion, but that Counsel for Ira Green, Inc. failed to

13  respond to said request".  Dkt. 31, at 2.

14       On April 9, 2012, Green filed a response, contending that Green's counsel believed that

15  an agreement had been reached concerning the timing and exchange of documents, and that

16  Darling's counsel failed to comply with the meet and confer requirements of Fed.R.Civ.P. 37,

17  after Green's counsel informed Darling's counsel that counsel was unavailable because of a

18  "weeks-long trial".  Dkt. 40, at 2.  Green also contends that Green has responded to the discovery

19  requests at issue, and that, therefore, the motion to compel is moot.  Dkt. 40, at 2.

20       On April 13, 2012, Darling filed a reply, arguing that (1) Darling's counsel sent four e-

21  mails, requesting a response to its Rule 37 demand letter, but that Darling's counsel did not

22  address the issues raised in regard to the requirements of Rule 37; (2) the responses Green

23  provided on April 6, 2012 "consist of half-answers, invocations of privilege or confidentiality,

24  ORDER ON MOTION TO COMPEL RESPONSES
TO FIRST SET OF INTERROGASTORIES AND
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND DEFENDANT'S MOTION
FOR LEAVE TO FILE FIRST AMENDED
COUNTERCLAIM- 2

1    and spurious references to IGI's [Green's] document production.  Dkt. 43.  Darling contends that

2    the documents produced contain unexplained gaps; and Green has not produced documents that

3    it considers "attorneys eyes only", even though the court has not issued a protective order

4    covering those documents.  Dkt. 43.

5           Fed.R.Civ.P. 26(b)(1) provides as follows:

6           ***Scope in General***.  Unless otherwise limited by court order, the scope of discovery is as
            follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant
7           to any party's claim or defense–including the existence, description, nature, custody,
            condition, and location of any documents or other tangible things and the identity and
8           location of persons who know of any discoverable matter.  For good cause, the court may
            order discovery of any matter relevant to the subject matter involved in the action.
9           Relevant information need not be admissible at the trial if the discovery appears
            reasonably calculated to lead to the discovery of admissible evidence.  All discovery is
10          subject to the limitations imposed by Rule 26(b)(2)(C).

11          It is unclear to the court what has and has not been produced by Green in response to the

12   discovery requests.  The responses to the interrogatories, in several cases, are inadequate.  For

13   example, Green has declined to produce answers until the information is subject to a protective

14   order.  Further, unexplained gaps or redactions; or withholding of documents purportedly

15   confidential, but not subject to a protective order issued by the court, contravene the discovery

16   rules and obligations.  Accordingly, Darling's motion to compel should be granted.  Green

17   should be required to supplement its responses to interrogatories and to produce documents

18   responsive to Darling's discovery requests.

19        **2.  Darling's Motion for Leave to File First Amended Counterclaim (Dkt. 32)**

20          On March 29, 2012, Darling filed a motion, requesting that the court permit Darling to

21   add a counterclaim for trademark infringement pursuant to 15 U.S.C. § 1114(a), alleging that

22   Green has wrongfully used Darling's STORM SAF trademark in interstate commerce.  Dkt. 32.

23          Green objects to Darling's request, contending that the proposed amendment is futile

24   ORDER ON MOTION TO COMPEL RESPONSES
     TO FIRST SET OF INTERROGASTORIES AND
     FIRST SET OF REQUESTS FOR PRODUCTION
     OF DOCUMENTS AND DEFENDANT'S MOTION
     FOR LEAVE TO FILE FIRST AMENDED
     COUNTERCLAIM- 3

1    because Darling does not claim that it owns a federal registration for the STORM SAF

2    trademark; and that there was undue delay on the part of Darling, and undue prejudice to Green

3    because the case schedule would need to be adjusted to accommodate discovery on the new

4    claim. Dkt. 41.

5         On April 13, 2012, Darling filed a reply, acknowledging that its reference in the proposed

6    amended complaint to 15 U.S.C. § 1114(a) is incorrect.  Dkt. 42.  Darling maintains that the

7    motion to file an amended complaint is timely; and has appended another proposed amended

8    complaint (Dkt. 41-2), deleting the statutory reference.  Darling contends that it has alleged that

9    it is the manufacturer of the mark at issue, and has pled sufficient facts to state a claim against

10   Green.

11        Fed.R.Civ.P. 15(a) provides in relevant part as follows:

12        **(a) Amendments Before Trial.**

13        **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of
14        course within:

15        **(A)** 21 days after serving it, or

16        **(B)** if the pleading is one to which a responsive pleading is require3d, 21 days after
          service of a responsive pleading or 21 days after service of a motion under Rule 12(b),
17        (e), or (f), whichever is earlier.

18        **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the
          opposing party's written consent or the court's leave. The court should freely give leave
19        when justice so requires.

          **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an
20        amended pleading must be made within the time remaining to respond to the original
          pleading or within 14 days after service of the amended pleading, whichever is later.

21
          In deciding whether the grant a motion to amend, the court considers a number of factors,
22
     including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by
23

24   ORDER ON MOTION TO COMPEL RESPONSES
     TO FIRST SET OF INTERROGASTORIES AND
     FIRST SET OF REQUESTS FOR PRODUCTION
     OF DOCUMENTS AND DEFENDANT'S MOTION
     FOR LEAVE TO FILE FIRST AMENDED
     COUNTERCLAIM- 4

1  amendments previously allowed, undue prejudice to opposing parties, harm to the movant if

2  leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962);

3  *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

4      Courts should not grant leave to amend where amendment would be futile. *See Klamath-*

5  *Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

6  Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings

7  that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845

8  F.2d 209, 214 (9th Cir. 1988).

9      The discovery cutoff in this case is July 30, 2012.  The parties should have sufficient time

10  to address the additional counterclaim in the proposed amended complaint.  The record does not

11  show undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by

12  amendments previously allowed, on the part of Darling; or undue prejudice to Green, since full

13  development of the merits is possible.  Technically, Darling should be required to file another

14  motion, related to the substitute proposed amended complaint it provided with its reply.

15  However, requiring that Darling do so would unnecessarily prolong the inevitable.  The proposed

16  first amended counterclaim provided with Darling's reply (Dkt. 42-1) states a claim for relief.

17  The court should grant Darling's motion for leave to file a first amended counterclaim.

18      **3.  Cooperation of the Parties**

19      It appears to the court that the proceedings in the case, to this point, have been

20  contentious.  The Federal Rules of Civil Procedure and the Local Rules are designed to secure

21  the just, speedy, and inexpensive determination of every action and proceeding.  See

22  Fed.R.Civ.P. 1.  It is understandable that the parties to this case may have strong feelings about

23  one another and about the conflict that resulted in this action.  However, the lawyers involved in

24

ORDER ON MOTION TO COMPEL RESPONSES
TO FIRST SET OF INTERROGASTORIES AND
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND DEFENDANT'S MOTION
FOR LEAVE TO FILE FIRST AMENDED
COUNTERCLAIM- 5

1   the case should focus on how to best develop and resolve this case, not on how best to thwart the

2   process and make it unnecessarily complicated and contentious.  Lawyers are expected to behave

3   in a professional manner toward one another, and toward the legal system, so that this case may

4   proceed to a just, speedy, and inexpensive resolution, either by settlement or by trial of the

5   merits.

6         Accordingly, it is hereby **ORDERED** that defendant's Motion to Compel Responses to

7   First Set of Interrogatories and First Set of Requests for Production of Documents (Dkt. 31) is

8   **GRANTED**. Ira Green, Inc. is **ORDERED** to supplement its responses to interrogatories and to

9   produce documents responsive to J.L. Darling Corp.'s discovery requests.  Defendant's Motion

10   for Leave to File First Amended Counterclaim (Dkt. 32) **GRANTED**.  J.L. Darling is

11   **ORDERED** to file J.L. Darling Corp.'s Proposed First Amended Answer and Counterclaims

12   (Dkt. 42-1) within five days of the date of this order.

13         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

14   to any party appearing *pro se* at said party's last known address.

15         Dated this 16th day of April, 2012.

16

17

18   ROBERT J. BRYAN
     United States District Judge

19

20

21

22

23

24   ORDER ON MOTION TO COMPEL RESPONSES
    TO FIRST SET OF INTERROGASTORIES AND
    FIRST SET OF REQUESTS FOR PRODUCTION
    OF DOCUMENTS AND DEFENDANT'S MOTION
    FOR LEAVE TO FILE FIRST AMENDED
    COUNTERCLAIM- 6