UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA GREEN, INC., | CASE NO. C11-5796 RJB |
| Plaintiff, | ORDER ON PLAINTIFF IRA GREEN, INC.'S MOTION TO EXCLUDE EXPERT WITNESS DISCLOSURES AND REPORT AND TO PRECLUDE TESTIMONY |
| v. | |
| J.L. DARLING CORPORATION, | |
| Defendant. | |

This matter comes before the court on Plaintiff Ira Green, Inc.'s Motion to Exclude Expert Witness Disclosures and Report and to Preclude Testimony.  Dkt. 53.  The court has reviewed the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On May 18, 2012, pursuant to the stipulation of the parties, the court set the deadline for expert witness disclosures for July 13, 1012, and set the discovery cutoff for August 14, 2012. Dkt. 49 and 50.

1    On July 24, 2012, plaintiff Ira Green (Green) filed a motion, requesting that the court

2 exclude defendant J.L. Darling's (Darling) expert witness disclosures and expert report, and

3 preclude Darling from offering expert testimony from Lucy Hayter and Todd Silver.  Dkt. 53.

4                                    <u>LEGAL STANDARD</u>

5    Fed. R.Civ.P. 26(a) sets forth the duty of the parties regarding required disclosures, and

6 Fed..R.Civ.P. 26(e) provides for supplementing those disclosures and responses to discovery

7 requests.

8    Fed.R.Civ.P. 37(c) provides as follows:

9    **(1)  Failure to Disclose or Supplement**.  If a party fails to provide information or
     identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that
10   information or witness to supply evidence on a motion, at a hearing, or at a trial, unless
     the failure was substantially justified or is harmless. In addition to or instead of this
11   sanction, the court, on motion and after giving an opportunity to be heard:
      **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by
12   the failure;
     **(B)**  may inform the jury of the party's failure; and
13   **(C)**  may impose other appropriate sanctions, including any of the orders listed in Rule
     37(b)(2)(A)(i)-(vi).

14

15                                      <u>DISCUSSION</u>

16   **1.  Meet and Confer**

17    In their pleadings, the parties argue about whether Local Rule CR 37 includes a

18 requirement to meet and confer before a party files a motion of this sort; or whether this motion

19 could be considered a motion *in limine*, subject to the meet and confer requirement of Local Rule

20 CR 7(d)(4).  The parties also dispute whether Green made a sufficient effort to meet and confer

21 before filing this motion.

22    These arguments are indicative of the unnecessarily adversarial positions taken by the

23 parties in this litigation, and the unnecessary costs associated with motions such as this one.

24

1

**2.  Lucy Hayter**

On July 13, 2012, Darling filed an expert disclosure, identifying Lucy Hayter as an expert.  Dkt. 53-6, at 2. Darling provided an expert report from IPS Testing Experts, identifying Lucy A. Hayter, Sr. Scientist, Physical Testing, as one of the two signatories on that report.  Dkt. 53-6, at 10-21.

Green maintains that the expert report is inadequate because Ms. Hayter did not identify the basis of the protocol used in the testing; and did not provide an opinion linked to the defamation, Lanham Act, unfair competition and/or false marking claims at issue in the case.  In its reply, Green contends that the disclosures regarding Ms. Hayter and her report do not contain competent opinions regarding the defamation claim, or any link to the claims in this case.  Dkt. 56, at 2.

Darling argues that Ms. Hayter's report set forth all of the information required by Fed.R.Civ.P. 26(a)(2)(B); and that, as an expert, Ms. Hayter is not required to testify to or link her expert opinion to legal conclusions.

A review of the record shows that Ms. Hayter's expert report meets the requirements of Fed.R.Civ.P. 26.  If Green wishes more information, Green may explore those issues on deposition of Ms. Hayter.

Green's motion to exclude the disclosures/expert witness report of Ms. Hayter should be denied.

**3.  Todd Silver**

On July 9, 2012, Green deposed Todd Silver, co-owner of Darling, who had been identified by Darling as a Fed.R.Civ.P. 30(b)(6) witness.  Pursuant to Fed.R.Civ.P. 30(b)(6), the

Notice of Deposition identified topics for the deposition, including testing of any Ira Green, Brigade and/or IGIQM products (Topic 25); testing of any STORM SAF products (Topic 26); and Comparisons of RITR and STORM SAF products (Topic 27).  Dkt. 53-5, at 8.

Green's counsel Christine Bush stated in a declaration that, during the deposition of Mr. Silver, Mr. Silver was asked "whether JLD had tested any Ira Green notebooks in 2012."  Dkt. 53-2, at 2.  Ms. Bush stated that "JLD's counsel instructed Mr. Silver not to answer that question with respect to testing done for this litigation."  Dkt. 53-2, at 2.

On July 13, 2012, Darling served its expert witness disclosure, identifying Mr. Silver as an expert.  Dkt. 53-6, at 3.  The disclosure stated as follows:

> Mr. Silver will provide testimony under Fed.R.Evid. 702, 703, and/or 705 on the relative performance characteristics of J.L. Darling's Rite in the Rain Paper and Ira Green's so-called waterproof paper, and the significance of the findings of the IPS laboratory, as contained in the Expert Report of Lucy Hayter, with respect to such performance.

Dkt. 53-6, at 3.  On March 28, 2012, in response to Green's discovery requests, Darling provided to Green a video of Mr. Silver performing the testing to which he subjected both Green and Darling's products.  Dkt. 55, at 2; and Dkt. 55-2.

Green maintains that Mr. Silver should be precluded from providing expert testimony because the expert disclosures do not provide a summary of the facts and opinions to which Mr. Silver is expected to testify, as is required by Fed.R.Civ.P. 26(a)(2)(C)(ii); because Mr. Silver is unqualified to offer an expert opinion; and because Mr. Silver's testimony is excludable under Fed.R.Evid. 403(b).  In the alternative, Green requests that the court require Darling to make Mr. Silver available for deposition in Rhode Island (Mr. Silver is a Washington resident) and to pay the costs of the deposition.  In its reply, Green argues that Mr. Silver is not competent to testify as an expert, and that his interpretation of Ms. Hayter's testing and data analysis is improper. Dkt. 56.

1    Darling contends that an expert report was not required for Mr. Silver because Mr. Silver

2    is not a specially-retained expert; that Mr. Silver's experience and qualifications, the nature of

3    the testing he has done on the various products at issue, the results of that testing,  and the

4    opinions that he has formulated as a result of that experience have all been provided to Green;

5    and that there is no basis for requiring Darling to pay the costs of redeposition of Mr. Silver,

6    because Mr. Silver was timely disclosed as an expert.

7    The record shows that the disclosures regarding Mr. Silver were adequate.  Whether Mr.

8    Silver's testimony will be admissible at trial is subject to the rules of evidence; a ruling on that

9    issue is premature.  If Green wishes more information on Mr. Silver's qualifications, or the basis

10   for Mr. Silver's knowledge and opinion, Green may pursue that by deposition.

11   **4.  Sanctions**

12   Green requests that, in the event that the court does not grant the motion to exclude, Mr.

13   Silver's deposition occur in Rhode Island; and that the expenses of the deposition be paid by

14   Darling.

15   As noted above, this motion was unnecessary, and a waste of the court's time.  Darling's

16   request for oral argument would merely add further expense to this litigation, and would not

17   assist the court in ruling on this motion.

18   There is still time for Green to depose Ms. Hayter and Mr. Silver.  The instruction to Mr.

19   Silver by his counsel not to answer a question about testing, when Mr. Silver was designated an

20   expert within days of that deposition, is inappropriate.  Counsel may advise witness not to

21   answer, but counsel does not have authority to *direct* a witness not to answer.  *See* Dkt. 4.

22   Further, the grounds for a refusal to answer are dubious.  Even so, Mr. Silver had not yet been

23   designated an expert, and the designation deadline had not expired.  Given that Green's counsel

24

ORDER ON PLAINTIFF IRA GREEN, INC.'S
MOTION TO EXCLUDE EXPERT WITNESS
DISCLOSURES AND REPORT AND TO
PRECLUDE TESTIMONY- 5

1   has already deposed Mr. Silver in person, the parties should be able to minimize the expense

2   associated with redeposition of Mr. Silver, and may even wish to use telephonic or electronic

3   means to conduct that deposition.

4         Green's request that the court require that Mr. Silver be redeposed in Rhode Island, with

5   Darling bearing the costs of that redeposition, should be denied.

6

7         Accordingly, it is hereby **ORDERED** that Plaintiff Ira Green, Inc.'s Motion to Exclude

  Expert Witness Disclosures and Report and to Preclude Testimony (Dkt. 53) is **DENIED**.

8         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

9   to any party appearing *pro se* at said party's last known address.

10        Dated this 13th day of August, 2012.

11

12

13                 ROBERT J. BRYAN

14                 United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF IRA GREEN, INC.'S
MOTION TO EXCLUDE EXPERT WITNESS
DISCLOSURES AND REPORT AND TO
PRECLUDE TESTIMONY- 6